**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES – GENERAL</u>**

Case No. SA CV 19-02421-DOC-DFM                                     Date:  April 13, 2020

Title: JAMES RUTHERFORD v. HOA KHAIN QUAN ET AL.

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

|  <u>Kelly Davis</u>  |  <u>Not Present</u>  |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|:---:|:---:|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER DISMISSING PLAINTIFF'S STATE LAW CLAIM AND STRIKING APPLICATION FOR DEFAULT JUDGMENT [19]**

Before the Court is Plaintiff James Rutherford's ("Plaintiff") Application for Default Judgment ("Application") (Dkt. 19). On its own motion, the Court DISMISSES Plaintiff's claim under the California Unruh Civil Rights Act for lack of jurisdiction for the reasons described below. The Court also STRIKES Plaintiff's Application.

**I.     Background**

    **A.     Facts**

The following facts are drawn from Plaintiff's Complaint (Dkt. 1). On or about November 3, 2019, Plaintiff went to a restaurant called Jovis Diner, located at 123 North East Stree, San Bernardino, CA 92401 (the "Business"). Compl. ¶ 2. Plaintiff alleges that, at the Business, the parking spaces, parking access aisles, access routes to the Business, the curb ramp in the parking lot, and the restroom do not comply with the American with Disabilities Act ("ADA").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-02421-DOC-DFM                                    Date: April 13, 2020
                                                                                                                      Page 2

Plaintiff requests judgment in the amount of $4000 in statutory damages, $4269 in attorney fees and costs, and an order directing Defendants to remedy the violations at the Business to comply with the ADA. Appl. at 14.

### B.      Procedural History

Plaintiffs filed his Complaint on December 16, 2019, bringing the following two causes of action:

(1) violation of the Americans with Disabilities Act; and
(2) violation of the Unruh Civil Rights Act.

*See generally* Compl.

On February 21, 2020, the Clerk entered default against all Defendants, and on March 10, 2020, Plaintiff filed the instant Application. The Court now *sua sponte* dismisses Plaintiff's state law claims for lack of jurisdiction and strikes the Application.

## II.     Legal Standard

In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, district courts sometimes have discretion to decline to exercise supplemental jurisdiction:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-02421-DOC-DFM　　　　　　　　　　　　　　　　　　　Date: April 13, 2020
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

This Court may decline to exercise supplemental jurisdiction over state law claims for many factors, including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under" 28 U.S.C. §§ 1367(c)(1)-(3), *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998), but does require a district court to "articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the *Gibbs* values provide compelling reasons for declining jurisdiction in such circumstances." *Executive Software N. Am. Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1558 (9th Cir. 1994). When declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(4), "the court must identify the predicate that triggers the applicability of the category (the exceptional circumstances), and then determine whether, in its judgment, the underlying *Gibbs* values are best served by declining jurisdiction in the particular case (the compelling reasons)." *Id*.

## III. Discussion

"In 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act." *Velez v. Il Fornaio (Am.) Corp.*, No. CV 3:18-1840 CAB (MDD), 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018). These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1). Furthermore, high frequency litigants are subject to a special filing fee and further heightened pleading requirements. *See* Cal. Gov. Code § 70616.5; Cal. Civ. Proc. Code § 425.50(a)(4)(A).

The Court finds that California's enactment of the heightened standards and fees described above, combined with the immense burden of the ever-increasing number of combined ADA/Unruh cases filed in this district, presents "exceptional circumstances" and "compelling reasons" that justify the Court's exercise of its discretion to decline supplemental jurisdiction over Plaintiff's Unruh Act claim under 28 U.S.C. § 1367(c)(4). *See Shutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017) (declining supplemental jurisdiction to discourage ADA plaintiffs' "use [of the] federal court[s] as an end-around to California's pleading requirements"). It is not, under *Gibbs*, "fair" to

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No. SA CV 19-02421-DOC-DFM | Date: April 13, 2020 |
| | Page 4 |

defendants that plaintiffs may pursue construction-related ADA claims in this Court while evading the limitations California has imposed on such claims in state court.

Finally, the Court sees no prejudice in requiring Plaintiff's state-law claims be heard in state court. Indeed, "if [P]laintiff legitimately seeks to litigate this action in a single forum, [P]laintiff may dismiss this action and refile it in state court in accordance with the requirements California has imposed on such actions." *Garibay v. Rodriguez*, Case No. 2:18-CV-09187-PA-AFM, Dkt. 43 at 8 (C.D. Cal. August 27, 2019).

### IV. Disposition

For the reasons set forth above, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's Unruh Act claim. Given this dismissal, Plaintiff's Application for Default Judgment is STRICKEN and can be refiled on or before April 17, 2020 if Plaintiff chooses to proceed in this Court for default judgment on the remaining federal ADA claim.

The Clerk shall serve this minute order on the parties.

| | |
|---|---:|
| MINUTES FORM 11 | Initials of Deputy Clerk: kd |
| CIVIL-GEN | |