# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES – GENERAL

Case No. SA CV 19-02421-DOC-DFM           Date: May 11, 2020

Title: JAMES RUTHERFORD V. HOA KHAI QUAN ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT [23]**

Before the Court is Plaintiff James Rutherford's ("Plaintiff") Application for Default Judgment ("Application") (Dkt. 23). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the papers and considered the arguments, the Court hereby **GRANTS** the Application for Default Judgment.

## I. Background

### A. Facts

The following facts are drawn from the Complaint ("Compl.") (Dkt. 1). Plaintiff asserts a violation of the Americans with Disabilities Act ("ADA") against Hoa Khai Quan, Nhan Le Quan Lang, and Nancy Chau Minh Quan ("Defendants"). Compl.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-02421-DOC-DFM　　　　　　　　　　　　　　　　　Date: May 11, 2020
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

¶¶ 1-4.[1] Plaintiff is a California resident who is substantially limited in performing life activities and who, at times, uses a wheelchair. *Id.* ¶ 1. On or about November 3, 2019, Plaintiff went to a restaurant called Jovis Diner (the "Business"), located at 123 North East Street, San Bernardino, CA 92401. *Id.* ¶ 2. Plaintiff alleges the Business is open to the public, a place of public accommodation, and a business establishment. *Id.* ¶ 11. According to Plaintiff, the parking spaces at the Business do not comply with the ADA, the access aisles in the parking lot violate ADA requirements, the curb ramp in the parking lot violates ADA requirements, and the restroom violates ADA requirements. *Id.* ¶ 12.

Plaintiff requests attorney fees and costs as well as an order directing the Defendants to remedy the ADA violations at the Business. *See generally* Appl.

### B.　Procedural History

On December 16, 2019, Plaintiff filed the Complaint, followed by proof of service on January 14, 2020 (Dkts. 13-15). On February 20, 2020, Plaintiff filed a Request for Entry of Default (Dkt. 16), which was granted on February 21, 2020 pursuant to Fed. R. Civ. P. 55(a) (Dkt. 17). Plaintiff filed the first Application for Default Judgment (Dkt. 19) on March 10, 2020, which was stricken when the Court dismissed Plaintiff's state law claims on April 13, 2020 (Dkt. 22). Plaintiff filed the instant Application on April 15, 2020.

## II.　Legal Standard

Federal Rule of Civil Procedure 55(b) provides that the Court may, in its discretion, order default judgment following the entry of default by the Clerk. Fed. R. Civ. P. 55(b). Local Rule 55 sets forth procedural requirements that must be satisfied by a party moving for default judgment. C.D. Cal. R. 55. Entry by the Clerk is proper when the amount of damages is "for a sum certain or a sum that can be made certain by computation"; entry by the Court is proper "[i]n all other cases." Fed. R. Civ. P. 55(b). Upon entry of default, the well-pleaded allegations of the complaint are taken as true, with the exception of allegations concerning the amount of damages. *See, e.g.*, *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleading, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.,* 980 F.2d 1261, 1267 (9th Cir. 1992).

---

[1] In the Motion, Plaintiff seeks no damages under any state law claim and asks this Court for default only as to the ADA claim. *See generally* Mot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-02421-DOC-DFM                                  Date: May 11, 2020
                                                                                                                    Page 3

Where the pleadings are insufficient, the Court may require the moving party to produce evidence in support of the motion for default judgment. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

When deciding whether to enter default judgment, courts consider seven factors:

(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### III. Discussion

#### A. Procedural Requirements

Plaintiff has satisfied the requirements of Local Rules 55-1 and 55-2 and Federal Rule of Civil Procedure 55(b). Plaintiff requested and received an entry of default against the Defendants. Dkt. 17. Having determined Plaintiff's procedural compliance, the Court turns to the substance of Plaintiff's Motion.

#### B. *Eitel* Factors

##### 1. The Possibility of Prejudice to Plaintiff

The first *Eitel* factor requires the Court to consider the harm to plaintiff if the Court does not grant default judgment. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, without an entry of default judgment, Plaintiff will be prejudiced and denied the right to a judicial resolution of the claims presented. *See id.* Plaintiff alleges that he has encountered barriers at the Business and is being deterred from further patronizing the Business. Defendants have failed to defend against the action, denying Plaintiff his rights under the ADA. Accordingly, the Court finds that this factor weighs in favor of default judgment.

##### 2. Merits of Claim and Sufficiency of the Complaint

Courts often consider the second and third *Eitel* factors together. *See PepsiCo*, 238 F. Supp. 2d at 1175. The second and third *Eitel* factors favor default judgment where the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-02421-DOC-DFM                                              Date: May 11, 2020
                                                                                                                                          Page 4

complaint states a claim for relief. *Id.* at 1177 (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). In their analyses of the second and third *Eitel* factors, courts accept as true all well-pleaded allegations regarding liability. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

      The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Plaintiff alleges that the Defendants own, operate, and/or lease the Business and are therefore liable for violating the ADA if Plaintiff shows that he suffered discrimination at the location due to his disability. Discrimination includes "a failure to remove architectural barriers . . . where such removal is readily achievable." *Id.* § 12182(b)(2)(A)(iv).

      "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (alteration in original). In addition, in an ADA claim alleging discrimination for failure to remove an architectural barrier, removal of the barrier must be "readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

      As a threshold matter, Plaintiff has standing to pursue the ADA claim. Plaintiff alleges he was denied access to the Business and is deterred from going in the future, and the Court accepts the allegation as true because of Defendants' default. *See Fair Hous. of Marin*, 285 F.3d at 906; Compl. ¶¶ 16, 21. Plaintiff also alleges that the architectural barriers at issue were the cause of the denial of access to the Business. *See* Compl. ¶¶ 12, 19. Injunctive relief may address the issue.

      However, where injunctive relief is sought, a plaintiff must demonstrate "significant possibility of future harm." *See San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996). "Demonstrating an intent to return to a non-compliant accommodation is but one way for an injured plaintiff to establish Article III standing to pursue injunctive relief. A disabled individual also suffers a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 949 (9th Cir. 2011). Here, Plaintiff alleges he "is being deterred from patronizing the [Business] . . . but intends to return . . . .". Compl. ¶ 19. Thus, Plaintiff has standing to pursue injunctive relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-02421-DOC-DFM　　　　　　　　　　　　　　　　Date: May 11, 2020
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 5

　　　　Second, Plaintiff has shown he is disabled as defined in the ADA. The ADA defines disability as "[a] physical or mental impairment that substantially limits one or more major life activities" 42 U.S.C. § 12102(1)(A). Major life activities include walking and standing. *Id*. § 12102(2)(A). Here, Plaintiff asserts he is "substantially limited in performing one or more major life activities" and must use a wheelchair for mobility. Compl. ¶ 1. Therefore, Plaintiff is disabled as defined in the ADA.

　　　　Plaintiff has also shown that the Defendants are a private entity that own, lease, or operate the Business as a place of public accommodation. A restaurant is a place of public accommodation. *Id*. § 12181(7)(B). Plaintiff asserts that the Defendants owned the property and/or the Business in San Bernardino. Accepting these allegations as true, Plaintiff has shown Defendants own a place of public accommodation.

　　　　Next, Plaintiff has shown he was denied public accommodation because of his disability due to architectural barriers at the Business. Plaintiff alleges he went to the Business and upon arrival documented that

> there [was] no ADASAD compliant accessible parking or van accessible parking spaces in the parking lot as required by Section 502; there is no ADASAD compliant van accessible parking signage in violation of Section 502.6; the accessible parking space in front of the main entrance has a slope of over 5% where 502.4 prohibit a slope over 2%; [and] access aisles shall be at the same level as the parking spaces they serve.

Compl. ¶ 12.

　　　　Because of Plaintiff's disability and the above barriers at the Business, Plaintiff was denied his right to enjoy accessible conditions at a place of public accommodation.

　　　　Finally, Plaintiff has shown that removal of the architectural barriers is readily achievable. Plaintiff alleges that the above violations "are easily removed without much difficulty or expense." Compl. ¶ 23. Furthermore, Plaintiff alleges that these are the types of barriers "identified by the Department of Justice as presumably readily achievable to remove." *Id*. Indeed, federal regulations provide examples of readily achievable removals. Under 28 C.F.R. § 36.304(b), examples of readily achievable steps to remove barriers include "installing ramps" and "making curb cuts in sidewalks and entrances." Thus, Plaintiff has sufficiently shown removal of the barriers is readily achievable. The Court finds that Plaintiff has stated a cause of action under the ADA.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-02421-DOC-DFM								Date: May 11, 2020
																	Page 6

### 3. Sum of Money at Stake

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *Pepsico*, 238 F. Supp. 2d at 1176. This requires the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct. *See Walters v. Statewide Concrete Barrier, Inc.*, No. C 04-2559 JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted"). "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).

Here, Plaintiff only seeks attorney fees. Mot. at 12. Such an award is not disproportional to the harm caused. The Court determines that the fourth *Eitel* factor weighs in favor of granting the default judgment.

### 4. Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor requires the Court to consider the possibility of dispute as to material facts in the case. Where a plaintiff's complaint is well-pleaded and the defendants make no effort to properly respond, the likelihood of disputed facts is very low. *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).

Here, Plaintiff provided a well-pleaded complaint and Defendants failed to dispute the allegations. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Pepsico*, 238 F. Supp. 2d at 1177 (citing *TeleVideo Sys., Inc.*, 826 F.2d at 917–18). Accordingly, this factor weighs in favor of default judgment.

### 5. Possibility of Excusable Neglect

The sixth *Eitel* factor considers the possibility that a defendant's default resulted from excusable neglect. *Vogel*, 992 F. Supp. 2d at 1013; *see also Eitel*, 782 F.2d at 1471–72. Due process requires that interested parties be given notice of the pendency of the action and be afforded an opportunity to present their objections before a final judgment is rendered. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). While there is always a possibility that a defendant might appear and claim excusable neglect, where the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-02421-DOC-DFM                                              Date: May 11, 2020
                                                                                                                              Page 7

entry of default judgment. *Shanghai Automation Instrument Co. Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

      Here, Defendants were properly served with the Complaint. *See* Dkts. 13-15. Defendant was also served with the notice of entry of default and the papers for the instant motion. *See* Decl. of Joseph R. Manning (Dkt. 23-3) ¶ 5. However, no answer was filed. Defendants have simply made no effort to defend this suit. Because the likelihood of excusable neglect is very low, this factor weighs in favor of default judgment.

### 6. Strong Policy Favoring Decision on the Merits

      The seventh *Eitel* factor requires the Court to consider the strong judicial policy favoring decisions on the merits before granting default judgment. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *Pepsico*, 238 F. Supp. 2d at 1177 (citation omitted). Rule 55(a) allows a court to decide a case before the merits are heard if a defendant fails to appear and defend. *Id.* ("Defendant's failure to answer plaintiffs' complaint makes a decision on the merits impractical, if not impossible."). Since Defendants have not responded to Plaintiff's Complaint, the Court is not precluded from entering judgment.

      Taken together, the seven *Eitel* factors weigh in favor of granting default judgment against the Defendants.

### C.     Remedies

      Having determined that entry of default judgment is proper, the Court turns to the remedies sought. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Once "[i]njury is established[,]… plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled." *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). While the Court is not required to issue findings of fact as to liability, it must do so as to damages. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990). The Court can consider "'declarations, calculations, and other documentation of damages in determining if the amount at stake if reasonable,'" when assessing whether "there is an adequate basis for the damages awarded in the default judgment." *Xerox Corp. v. American Mail Centers, Inc.*, 2016 WL 10834102, at *2 (C.D. Cal. Oct. 14, 2016) (quoted citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-02421-DOC-DFM                                 Date: May 11, 2020
                                                                                                                         Page 8

In this Motion, Plaintiff seeks (1) injunctive relief and; (2) attorneys' fees and costs in the amount of $4,022.

### 1.     Injunctive Relief

Plaintiff seeks injunctive relief under the ADA. "In the case of violations [of the accessibility provisions] of [the ADA], injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities...." 42 U.S.C. § 12188(a)(2). Injunctive relief is proper here, as the Court has found Plaintiff has plead a valid claim under the ADA and the removal of the barriers is readily achievable. Therefore, the Court **ORDERS** Defendants to remove barriers at the Business to the extent Defendants can legally do so. Defendants are enjoined to remove the barriers described in Plaintiff's complaint, including providing complaint van accessible parking, providing complaint curb ramps, and providing compliant access aisles. *See* Compl. ¶ 12.

### 2.     Attorney's Fees and Costs

Despite entry of default, the Court is concerned with affixing a large sum of attorneys' fees for ADA actions, such as this, against small businesses during a pandemic. Small businesses are hurting greatly during this unfortunate emergency. Though Plaintiff has the right to visit businesses that comply with the law, attorneys' fees are left to the discretion of the Court. The Court must balance providing compensation for attorneys who protect civil rights with ensuring that defendants are given a fair shake if they attempt to remedy their violations. The Court is satisfied that Plaintiff's rights are protected with injunctive relief. Further, given the competing concerns described above, and given the unprecedented pandemic afflicting the United States and decimating small businesses, the Court awards $462 in attorneys' fees and further awards costs in the amount of $538.00. The total amount of attorney's fees and costs is $1,000.

## IV.     Disposition

For the reasons set forth above, the Court **GRANTS** the Motion for Default Judgment and **ORDERS** injunctive relief and $1,000 in attorney's fees and costs.

The clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                                        Initials of Deputy Clerk: kd
CIVIL-GEN